FILED & ENTERED

FEB 09 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY vandenst DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

ANTHONY ROBERT WAFFORD,

                        Debtor.

JEFFREY W. COWAN,

                        Plaintiff,

vs.

ANTHONY ROBERT WAFFORD,

                        Defendant.

Case No. 2:19-bk-15197-RK

Chapter 7

Adv. No. 2:21-ap-01102-RK

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH LEAVE TO AMEND**

      This adversary proceeding came on for hearing on February 8, 2022 before the undersigned United States Bankruptcy Judge on Plaintiff's motion for summary judgment. Appearances were made as noted on the record.

      For the reasons stated at the hearing and in the attached tentative ruling issued by the court and posted on the court's website before the hearing, the court denies the motion with leave to amend.

The court further orders that the deadline to file and serve pretrial motions is extended to April 30, 2022, that plaintiff may notice a renewed motion for summary judgment for hearing before the court on June 21, 2022 at 2:30 p.m. and that a further status conference in this adversary proceeding is set for June 21, 2022 at 2:30 p.m.

IT IS SO ORDERED.

###

Date: February 9, 2022

Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING

RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In seeking summary judgment on the claim under 11 U.S.C. 523(a)(6) in this case, plaintiff apparently relies upon the state court judgment that he obtained in favor of his client against defendant, which has been assigned to him. The court extensively quotes from the opinion of the Bankruptcy Appellate Panel of the Ninth Circuit in Plyam v. Precision Development, LLP (In re Plyam), 530 B.R. 456 (9th Cir. BAP 2015), which it finds applicable to this case:

> Summary judgment is appropriate where the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a) (applicable in adversary proceedings under Rule 7056). The bankruptcy court must view the evidence in the light most favorable to the non-moving party when determining whether genuine disputes of material fact exist and whether the movant is entitled to judgment as a matter of law. See Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir.2014). And, it must draw all justifiable inferences in favor of the non-moving party. See id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
>
> A bankruptcy court may rely on the issue preclusive effect of an existing state court judgment as the basis for granting summary judgment. See Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 831–32 (9th Cir. BAP 2006). In so doing, the bankruptcy court must apply the forum state's law of issue preclusion. Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir.2001); see also 28 U.S.C. § 1738 (federal courts must give "full faith and credit" to state court judgments). Thus, we apply California preclusion law.
>
> In California, application of issue preclusion requires that: (1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought was the same as, or in privity with, the party to the former proceeding. Lucido v. Super. Ct., 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990). California further places an additional limitation on issue preclusion: courts may give preclusive effect to a judgment "only if application of preclusion furthers the public policies underlying the doctrine." In re Harmon, 250 F.3d at 1245 (citing Lucido, 51 Cal.3d at 342–43, 272 Cal.Rptr. 767, 795 P.2d 1223); see also In re Khaligh, 338 B.R. at 824–25.

> The party asserting preclusion bears the burden of establishing the threshold requirements. In re Harmon, 250 F.3d at 1245. This means providing "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995), aff'd, 100 F.3d 110 (9th Cir.1996). Ultimately, "[a]ny reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the [issue preclusive] effect." Id.

In re Plyam, 530 B.R. at 462.

The moving papers do not meet the summary judgment standard because they do not discuss the elements of plaintiff's claim under 11 U.S.C. 523(a)(6) and how they are met by the evidence in this case, which in this case, would be the findings of the state court for its judgment which may be entitled to preclusive effect under collateral estoppel, which is also not discussed in the moving papers.  In summary, plaintiff has not shown that he is entitled to judgment as a matter of law on grounds that the state court judgment in his client's favor against defendant is entitled to preclusive effect on his 11 U.S.C. 523(a)(6) claim as there is no factual and legal analysis showing that the elements of the claim are satisfied by the factual findings in support of the state court judgment.  There is no discussion of how the prerequisites for applying the doctrine of collateral estoppel are met here.  The discussion of 11 U.S.C. 523(a)(6) is conclusory and without the necessary supporting analysis as shown by the conclusory statement of uncontroverted facts and conclusions of law, which are insufficient to support summary judgment.  Cf. Richards v. Bishop (In re Bishop), Adv. No. 2:16-ap-01383-RK, 2018 WL 1069145 (Bankr. C.D. Cal. Feb. 22, 2018); International Business Investment, Inc. v. Park (In re Park), Adv. No. 2:14-ap-01835-RK, 2017 WL 3017087 (Bankr. C.D. Cal. Jul. 13, 2017); Shim v. Lee (In re Lee), Adv. No. 2:13-ap-01420-RK, 2015 WL 1299747 (Bankr. C.D. Cal. Mar. 19, 2015).  Under 11 U.S.C. 523(a)(6), an individual debtor may not discharge a debt to the extent that such debt was "for willful and malicious injury by the debtor to another" or "to the property of another."  Petralia v. Jerich (In re Jercich), 238 F.3d 1202, 1208 (9th Cir. 2001).  The elements of a claim under 11 U.S.C. 523(a)(6) of willfulness and malice are not meaningfully analyzed, that is, specifically identified and shown how they are met by the evidence.  Plaintiff's discussion of post-judgment events in his moving papers is immaterial to showing whether the debt was "for willful and malicious injury by the debtor to another" to prove his claim under 11 U.S.C. 523(a)(6).

The court may properly limit its decision to the claims and arguments presented by the parties in their moving papers. As articulated by the Supreme Court:

> In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. . . . [A]s a general rule, "[o]ur adversary system is designed around the premise that the parties know what is best for

> them, and are responsible for advancing the facts and arguments entitling them to relief."

Greenlaw v. United States, 554 U.S. 237, 243-244 (2008), citing and quoting Castro v. United States, 540 U.S. 375, 386 (2003).

Because plaintiff has not met his initial burden of showing that summary judgment should be granted, the court need not reach the issues raised by defendant's arguments in opposition or on plaintiffs' request for FRBP 9011 sanctions.  The summary judgment motion should be denied without prejudice and with leave to amend.  Appearances are required on 2/8/22, but counsel and self-represented parties must appear through Zoom for Government in accordance with the court's remote appearance instructions.